IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:21-CR-003-Z-1 |
| BRENDA AURORA PAYNE (1), | § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant Brenda Aurora Payne's ("Defendant") Motion for Compassionate Release (ECF No. 46) and Motions to Appoint Counsel (ECF Nos. 47, 49) ("Motions"). Having considered the Motions and relevant law, the Court **DENIES** the Motions **WITHOUT PREJUDICE**.

Although Defendant presents the rejections of her requests for reduction in sentence by Warden M. Starr and the Federal Bureau of Prisons ("BOP") Regional Director Andre Matevousian, she failed to file a Motion for Compassionate Release stating her reasons for such relief. *See* ECF No. 49 at 2–4. Regardless, the First Step Act does not provide for the appointment of counsel for those seeking relief under Section 3582(c)(1)(A). And the Fifth Circuit has not addressed the issue. *See United States v. Dirks*, No. 3:14-CR-0374-L-3, 2020 WL 3574648, at *2 (N.D. Tex. June 30, 2020). "Notably, however, the Fifth Circuit has found that 'a defendant does not have a statutory or constitutional right to appointed counsel in [Section] 3582(c)(2) proceedings.'" *Id.* (quoting *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam)); *see also United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding post-judgment motions to modify sentence under Section 3582(c)(2) are "too far removed to be

considered 'ancillary' to the criminal proceeding" to justify appointment of counsel under 18 U.S.C. § 3006A).

"[T]he constitutional right to counsel extends only through the defendant's first appeal," and not to post-conviction relief. *Whitebird*, 55 F.3d at 1011. A Sixth Amendment right to appointed counsel does not attach to motions filed under Section 3582(c)(1)(A). *Id.*; *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012) (finding no constitutional right to appointed counsel for post-conviction relief). Accordingly, the Court finds Defendant has no statutory or constitutional right to appointed counsel to assist her with a motion for early release. Further, Defendant fails to explain how her sentence reduction request warrants counsel.

**SO ORDERED.**

April 11, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE